IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO.: 2:20-cr-30 |
| JARED THOMAS BOWERS, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on Defendant's Motion for Compassionate Release. Doc. 32. The Government filed a Motion to Dismiss, and, Alternatively, a Response in opposition to Defendant's Motion. Doc. 34. Defendant also filed a Memorandum in support of his Motion, to which the Government responded. Docs. 40, 41. The Motion is ripe for review.

Defendant was charged with possession of contraband in prison, 18 U.S.C. § 1791(a)(2), by Information on June 3, 2020. Doc. 1. The charge carried a punishment of imprisonment of not more than a year, not more than a $100,000 fine, not more than one year of supervised release and a $25.00 mandatory special assessment. Defendant Bowers entered into a written plea agreement with the Government, agreeing to plead guilty to Count 1: 18 U.S.C. § 1791(a)(2), possessing contraband in prison. Doc. 28. He pleaded guilty before the Court on August 26, 2020. Doc. 27.

The United States Probation Office completed a Sentencing Memorandum which reflected Bowers had a total offense level of four, a criminal history category of III, and an advisory Guideline range of zero to six months' imprisonment. On August 26, 2020, the Court sentenced Bowers to one month of imprisonment, to be served consecutively to the federal

sentence from the District of Alaska he had currently been serving. Doc. 29. Bowers did not directly appeal the sentence.

In his current Motion, Bowers seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 and the CARES Act of 2020 (Coronavirus Aid, Relief, and Economic Security Act).[1] Docs. 34, 40. The Government opposes the Motion under both avenues.

Section 3582(c)(1)(A) of Title 18 of the United States Code reads, in pertinent part:

(c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—

    (1)    in any case—

        (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

            (i)    extraordinary and compelling reasons warrant such a reduction; . . .

---

[1] Plaintiff does not appear to request modification or reduction on any other grounds. To be clear, § 3582(c) and Federal Rule of Criminal Procedure 35 are the only methods by which the Court could modify its already imposed sentence in this case. The exceptions for modifying a judgment are extremely narrow. See 18 U.S.C. §§ 3582(b), (c)(1)(B), and (c)(2); Fed. R. Crim. P. 35; United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The authority of a district court to modify an imprison sentence is narrowly limited by statute."); United States v. Castra, 152 F. App'x 777, 781 (11th Cir. 2005) (discussing limited circumstances in which district court may modify sentence). Rule 35 has no application here. And while § 3582(c)(1)(B) also permits modification where it is "expressly permitted by statute," Bowers does not cite any other federal statute, case, or rule that would allow this Court to reduce his sentence. Consequently, the Court focuses its analysis solely on Bowers' request for compassionate release under the relevant provisions of § 3582(c).

>and that such a reduction is consistent with applicable
>policy statements issued by the Sentencing Commission[.]

Interpreting Bowers' Motion as one for compassionate release, the Court looks to the statutory language of § 3582(c)(1)(A) and to U.S.S.G. § 1B1.13 Policy Statement, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582 (c)(1)(A)."[2]

The Policy Statement commentary lists four possible bases for "extraordinary and compelling reasons." Those four bases are the defendant's: (1) medical condition; (2) age; (3) family condition; and (4) other reasons, i.e., an "extraordinary and compelling reason other than, or in combination with, the [above reasons]," as determined by the Bureau of Prisons ("BOP"). Bowers does not satisfy any of the extraordinary and compelling reasons.

Bowers argues he satisfies the criteria based on his medical condition, chronic high blood pressure (i.e., hypertension), low heart rate, and immune system deficiency, which is complicated by the current COVID-19 pandemic. Doc. 40-1 at 2–3. Additionally, Bowers contends his children's circumstances provide the extraordinary and compelling reasons he should receive a compassionate release. Doc. 40 at 3–4. According to Bowers, in early 2018, his children were removed from their mother's care due to neglect and temporarily placed with Bowers' aunt. Doc. 40-1 at 4. The children are in foster care, under the care of a family friend of Bowers, who will likely serve as the children's temporary legal guardian. Id. at 4–5.

The Government argues Bowers' medical condition and family circumstances do not warrant compassionate release. Doc. 41. First, the Government claims Bowers has failed to establish he suffers from a low heart rate or an immunocompromised state. Doc. 41 at 20. That

---

[2] The Policy Statement found at U.S.S.G. § 1B1.13 has not been revised in response to the First Step Act of 2018, so there are a few inconsistencies in the Guidelines language as compared to the statutory language of 18 U.S.C. § 3582(c).

is, the Government contends there is an absence of either of these conditions from his medical records; after reviewing the records, the Court agrees. Thus, Bowers is not entitled to relief based on his alleged low heart rate or compromised immune system. However, the Government concedes Bowers' medical records do evidence of his hypertension. Id.

To qualify, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Bowers presents no medical evidence he meets either of these criteria. Instead, he suggests his medical condition is serious because of the likely impact of COVID-19. As discussed above, the record supports Bowers suffers from high blood pressure.

The Court has considered Bowers' hypertension in light of the Centers for Disease Control and Prevention's ("CDC") list of significant risk factors. First, the CDC reports the following conditions "are at increased risk of severe illness from COVID-19": cancer; chronic kidney disease; COPD; immunocompromised state (weakened immune system) from solid organ transplant; obesity (body mass index [BMI] of 30 or higher); serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; sickle cell disease; and type 2 diabetes mellitus. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 29, 2021). Bowers has not established, nor do his medical records show, he suffers from any of these conditions. Moreover, while hypertension is a risk factor, it is listed by the CDC as "might be at an increased risk" for severe illness for those who contract COVID-19. See id. The Court is unwilling to conclude a condition which "might"

put a defendant at an increased risk qualifies his circumstances as extraordinary and compelling enough to warrant early release.  See United States v. Mingo, No. CR 612-018, 2020 WL 5028770, at *2 (S.D. Ga. Aug. 25, 2020); United States v. Mitchell, No. CR 312-003, 2020 WL 5518630, at *3 (S.D. Ga. Sept. 14, 2020) (holding defendant's hypertension was not "extraordinary and compelling" because "the Court cannot conclude that the 'might' category qualifies an illness as sufficiently serious to warrant compassionate release in and of itself"); United States v. Carter, No. CR 107-076, 2020 WL 4194014, at *2 (S.D. Ga. July 21, 2020) ("However, at this point, the Court cannot conclude that the 'might' category qualifies an illness as sufficiently serious to warrant compassionate release in and of itself.").

Similarly, Bowers' concern about his children's circumstances, while undoubtedly genuine, fails to qualify as an "extraordinary and compelling" reason.  The BOP offers guidance on the application of the family circumstances category in Program Statement § 5050.50, which was revised on January 17, 2019.  The Program Statement lists criteria for the Warden's review of a compassionate release claim, but the criteria are helpful to the Court as well.  For instance, in the case of an incapacitated family member caregiver, the inmate must provide, *inter alia*, verifiable medical documentation of the incapacitation, a clear statement and documentation of a release plan, and letters or documentation confirming the family member was, in fact, caring for the child while the inmate was in prison and immediately prior to the incapacitation and the family member is the only family member caregiver capable of caring for the inmate's children.  The Program Statement also lists several factors relative to the inmate for consideration, such as: to what degree the inmate had contact with or cared for the children prior to arrest; evidence of child abuse or neglect; and evidence of physical or emotional abuse of a spouse.

Though Bowers presents some of the verifiable evidence necessary, such as evidence of the mother's incapacitation, he is not entitled to the relief he seeks.  First, as the Government points out, Bowers informs the Court he has arranged for his friend to foster his minor children, and the relevant authority charged with ensuring care for the children has agreed to this arrangement.  See Doc. 40-1 at 4–5.  Thus, by Bowers' own admission, he is not the only available caregiver for his children.  Further, he has not provided the Court a clear statement and documentation of a release plan.

Moreover, he has not established he has fully exhausted all administrative rights as to his family circumstances.  In fact, Bowers has not submitted a BOP request for a reduction-in-sentence due to his family circumstances and instead only mentioned his health condition.[3]  See Doc. 37-1.  Generally, before a prisoner can file a motion under § 3582, he must first have "fully, exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).  Because Bowers failed to include his family circumstances, the BOP has had no opportunity to assess, for compassionate release purposes, Bowers' family circumstances.  In order to fully exhaust his administrative remedies for seeking compassionate release based on his family circumstances, Bowers should bring them to the BOP's attention in a new reduction-in-sentence request.  See United States v. Heller, Case No. 2:18-cr-56 (S.D. Ga. Nov. 2, 2020), ECF No. 423, p. 2.

---

[3]   The Government initially opposed Bowers' Motion on the basis he had entirely failed to exhaust his administrative remedies regarding a request for compassionate release.  Doc. 34.  However, the Government later amended its response and now concedes Bowers fully exhausted his administrative remedies as to his medical condition but maintains he did not exhaust administrative remedies as to his alleged family circumstances.  Doc. 37 at 1.

In short, it is best remembered that Bowers bears the burden of demonstrating compassionate release is warranted.  Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)).  He has not carried that burden.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Bowers' Motion for Compassionate Release, doc. 32.  The Court **GRANTS** the Government's Motion to Dismiss and, Alternatively, Response in Opposition to Defendant's Motion for Compassionate Release Under § 3582 (c)(1)(A), as amended by the First Step Act of 2018.  Doc. 34.

**SO ORDERED**, this 29th day of March, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA